IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOHN EDWARD PATTERSON,

    Petitioner,

v.                                            Case No. 5:18-cv-00897

D.L. YOUNG, Warden, FCI Beckley,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is John Edward Patterson's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

**BACKGROUND AND PETITIONER'S CLAIM**

**A.    Petitioner's conviction.**

On February 21, 2007, Petitioner pled guilty in the United States District Court for the Western District of North Carolina to one count of conspiracy to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846, which exposed him to a statutory sentence of ten years to life in prison. *United States v.*

*Patterson*, No. 1:06-cr-00251-MR-WCM-05, ECF Nos. 3, 97, 110 (W.D.N.C. Feb. 21, 2007). Petitioner's plea agreement stipulated that the amount of cocaine base for which he was responsible was between 150 and 500 grams. *Id.*, ECF No. 97 at 2. On February 5, 2008, Petitioner was sentenced to 210 months of imprisonment, followed by a five-year term of supervised release. His judgment was entered that same date. *Id.*, ECF No. 227.

Petitioner's sentence included an advisory guideline enhancement under USSG § 4B1.1 for being a career offender based upon his prior North Carolina convictions for common law robbery and taking indecent liberties with a minor.[1] Based upon the career offender enhancement and other adjustments, as well as a two-level downward departure, upon motion by the government, Petitioner's guideline level was 32 with a criminal history category of VI, resulting in a guideline range of 210-262 months in prison. Although Petitioner initially lodged an objection to the career offender enhancement, he ultimately conceded its application due to the Fourth Circuit's then-existing precedent in *United States v. Pierce*, 278 F.3d 282 (4th Cir. 2002), finding that taking indecent liberties with a minor was a crime of violence for the purpose of the career offender enhancement under the guideline's residual clause. The court ultimately sentenced Petitioner at the low end of the guideline range to 210 months.

On April 8, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's judgment, specifically finding that his guilty plea was knowing and

---

1 Section 4B1.1(a) of the guidelines provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a).

2

voluntary and that there was no conclusive evidence of ineffective assistance of counsel on the face of the record. Petitioner's appeal did not specifically challenge his career offender enhancement. *United States v. Patterson*, No. 08-4170 (4th Cir. Apr. 8, 2009), docketed in his criminal case as ECF No. 287. Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States.

### B. Petitioner's prior post-conviction filings.

On May 12, 2009, Petitioner filed a motion to vacate, set aside, or correct sentence challenging the application of the career offender guideline in deriving his sentence, and further asserting that his counsel provided ineffective assistance by not pursuing his objection to the career offender enhancement. *Id.*, ECF No. 293. On September 26, 2012, the sentencing court denied Petitioner's § 2255 motion. The court found that the appellate and collateral attack waiver provisions in Petitioner's plea agreement, as well as his failure to raise his challenge to the career offender enhancement in his direct appeal, operated to bar review of that claim under § 2255. The court further found that Petitioner had not demonstrated that his counsel provided ineffective assistance amounting to a constitutional violation. On June 26, 2013, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his § 2255 appeal. *Id.*, ECF Nos. 385.

On June 23, 2016, Petitioner filed a second § 2255 motion again challenging his career offender enhancement on the basis that neither of his predicate offenses were violent felonies; however, on March 20, 2017, Petitioner voluntarily dismissed that motion. *Id.*, ECF Nos. 461, 485.

In April of 2019, Petitioner filed a motion for reduction of sentence under 18 U.S.C. § 3582 pursuant to the First Step Act's retroactive application of the amendments to the penalties for crack cocaine offenses. His sentencing court initially denied the motion. However, on September 8, 2020, after remand by the Fourth Circuit for consideration of Petitioner's motion in light of *United States v. Chambers,* 956 F.3d 667 (4th Cir. 2020), Petitioner's sentence was reduced to time served plus four days. According to the BOP website, Petitioner was released from BOP custody on September 17, 2020.[2]

C.     **The instant petition for writ of habeas corpus.**

On May 7, 2018, Petitioner, who was then incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia, filed the instant Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1) and memorandum in support thereof (ECF No. 2). The petition documents again assert that Petitioner's prior North Carolina conviction for taking indecent liberties with a minor does not qualify as a predicate offense for the career offender enhancement because it does not categorically qualify as a crime of violence under the guideline definition in USSG § 4B1.2(a). In support of this claim, Petitioner relies on the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) and the Fourth Circuit's decision in *United States v. Vann*, 660 F.3d 771, 773 n.2 (4th Cir. 2011) (en banc). Consequently, he contends that he does not meet the criteria for the career offender enhancement.

---

2   Although Petitioner has been released from BOP custody, it appears that he is presently serving his term of supervised release and, thus, his sentencing challenge may not be mooted by his release.

Petitioner further claims that the misapplication of the career offender enhancement to his sentence is a miscarriage of justice. Thus, he contends that he is entitled to be resentenced to a lower guideline range without the career offender enhancement. Because it is apparent from the face of the petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required the respondent to respond to the petition.

## ANALYSIS

### A. Petitioner is not entitled to relief under section 2241.

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Western District of North Carolina. Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, Petitioner has already unsuccessfully filed a § 2255 motion. Thus, he would likely be procedurally barred from filing another § 2255 motion without authorization from the Fourth Circuit under very limited circumstances. *See* 28 U.S.C. § 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").

*In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner's prior § 2255 motions were denied or dismissed, standing alone, will not permit this court to review his claim under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Petitioner's petition documents cite to this standard in support of his claim for relief.

Here, Petitioner essentially contends that the decisions in *Descamps, Mathis*, and *Vann*[3] are new interpretations of substantive law, issued after his opportunity to file a direct appeal and a timely § 2255 motion and, therefore, § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Petitioner contends that the North Carolina statute governing the crime of taking indecent liberties with a minor (hereinafter "indecent liberties statute") contains elements that are broader than the definition of a violent felony in the career offender guideline, USSG § 4B1.2(a). Thus, he contends his conviction for that crime cannot be used as a predicate offense and he does not satisfy the criteria for career offender status.

Although Petitioner appears to be asserting that there has been an intervening change in substantive law that retroactively affects his case, the cases upon which he relies in his petition involve a purely procedural rule that has not been made retroactive on collateral review. The Fourth Circuit has specifically found that

> *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements.

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); s*ee also Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D.W. Va. July 30, 2019) (collecting cases finding

---

3  In *Descamps* and *Mathis*, both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law. In *Vann*, the Fourth Circuit, sitting en banc, found on direct appeal that, after presuming that the court could apply the modified categorical approach, the available documents suitable for consideration thereunder did not demonstrate that the North Carolina indecent liberties convictions of the defendant therein could not be considered a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which is defined similarly to the career offender guideline's definition of a crime of violence.

7

that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively).

Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review." *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding § 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review). In fact, in *United States v. Hemingway*, 734 F.3d 323, 329 (4th Cir. 2013), the Court recognized that *Descamps* "underscored the validity of the divisibility analysis that our Court had already employed." *See also Kane v. United States*, No. 1:19-cv-238-MR, 2020 WL 1848062, *3 (W.D.N.C. Apr. 13, 2020) (dismissing § 2241 petition based upon *Descamps* and *Mathis* finding that such decisions do not represent a substantive change in law). Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test based upon these decisions. Petitioner's reliance on the Fourth Circuit's decision in *Vann* is equally unavailing, as it was decided while his first § 2255 motion was pending and, thus, he cannot satisfy the second prong of *Wheeler* with respect to that decision, as any intervening change in the law occurred before his first § 2255 motion was resolved.

Moreover, even if Petitioner could satisfy the second prong of *Wheeler*, and by extension, the third prong, he cannot satisfy the fourth prong, which requires a showing that, due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). In *Lester*, the Fourth Circuit concluded that a misclassification as a career

offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the United States Sentencing Guidelines ("Guidelines") were mandatory. *Id.* at 714.

However, the *Lester* Court explicitly noted that, had Lester's career offender misclassification occurred under the post-*Booker*, <u>advisory</u> Guidelines, which "lack legal force," his petition would have been barred as failing to meet the fourth *Wheeler* prong. *Id.* at 715 ("*Foote*[4] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). The court found that "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.* Rather, under the advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* The *Lester* Court further recognized that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716. Because Petitioner was sentenced under the post-*Booker*, advisory Guidelines, even if the career offender guideline was misapplied in his case, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong demonstrating a fundamental defect resulting in a miscarriage of justice, and, therefore, he fails to satisfy the § 2255(e) savings clause to obtain review of his claim by this court under § 2241.

---

4 In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit addressed whether a claim that the defendant was misclassified as a career offender under the advisory Guidelines was cognizable under § 2255. The *Foote* Court concluded that such a claim was not cognizable under § 2255. 784 F.3d at 932. The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. *Id.* at 940, 944.

Furthermore, as noted above, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Petitioner's claim by this court under § 2241. In light of the fact that Petitioner has already unsuccessfully challenged his sentence in a prior § 2255 motion, he is likely barred from pursuing such a claim now. While this court could construe Petitioner's petition as a § 2255 motion and transfer it to his sentencing court, such action would be futile because the motion would be another unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claim contained in his § 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of

objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner at the last address he provided to the court.

April 16, 2021

Dwane L. Tinsley
United States Magistrate Judge